IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID SCOTT KIRKPATRICK** | § | |
| | § | |
| V. | § | A-15-CA-313-LY |
| | § | |
| **LORETTA E. LYNCH, ATTORNEY** | § | |
| **GENERAL OF THE UNITED STATES;** | § | |
| **RICHARD L. DURBIN, UNITED STATES** | § | |
| **ATTORNEY FOR THE WESTERN** | § | |
| **DISTRICT OF TEXAS; AND THE** | § | |
| **UNITED STATES DEPARTMENT** | § | |
| **OF JUSTICE** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on June 17, 2015 (Dkt. No. 9); Plaintiff's Response to Motion to Dismiss, filed on June 30, 2015 (Dkt. No. 10); and Defendant's Reply, filed on July 6, 2015 (Dkt. No. 12).

The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

On December 2, 2014, Plaintiff David Scott Kirkpatrick ("Kirkpatrick") filed a lawsuit in the Waco Division of the United States District Court seeking a determination under the Federal Declaratory Judgment Act and 42 U.S.C. § 1983 that he is not a "convicted felon" for purposes of 18 U.S.C. § 922 and related statutes and that he is not subject to prosecution or conviction for

possessing a firearm.  *See* Complaint in *Kirkpatrick v. United States of America*, No. 6:14-CV-465 WSS.  On March 17, 2015, the Honorable Walter S. Smith, Jr. granted the United States' Motion to Dismiss for Lack of Jurisdiction based on sovereign immunity and dismissed Kirkpatrick's lawsuit.  Dkt. No. 7 in 6:14-CV-465 WSS.  Kirkpatrick did not appeal the Order.  A few weeks later, on April 21, 2015, Kirkpatrick filed an identical lawsuit in the Austin Division of the Western District of Texas alleging the same claims against the same Defendant—the United States.  Dkt. No. 1.  On May 25, 2015, Kirkpatrick amended his Complaint to drop the United States as a defendant, and added Loretta E. Lynch, Attorney General of the United States, Richard L. Durbin, United States Attorney for the Western District of Texas, and the United States Department of Justice (collectively "Defendants") as Defendants in the case.

Defendants have now filed the instant Motion to Dismiss moving the Court to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction over the Defendants based on the doctrine of sovereign immunity.

## II.  STANDARD OF REVIEW

Federal courts have limited jurisdiction, and therefore, the power to adjudicate claims only when jurisdiction is conferred by statute and the Constitution.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).  "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*  In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone;

(2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, along with the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### III.  ANALYSIS

**A.      Claims Against the Department of Justice**

"Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*, 133 S.Ct. 12, 16 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992)).  The Supreme Court has long held that only Congress can consent to suits against the United States. *See e.g., Stanley v. Schwalby*, 162 U.S. 255, 269-70 (1896); *Kansas v. United States*, 204 U.S. 331, 390 (1907).  Thus, a plaintiff may only sue the United States or its agencies if a federal statute explicitly waives sovereign immunity. *See e.g., Lane v. Pena,* 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied.").  The doctrine of sovereign immunity extends to the agencies of the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Because sovereign immunity deprives a court of jurisdiction, it may be raised at any time by any party or by the court *sua sponte*. *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); *Johnston v. United States*, 85 F.3d 217, 218 n. 2 (5th Cir.1996).

The Court lacks subject matter jurisdiction over the United States DOJ, because it is an agency of the United States, and therefore possesses sovereign immunity. *See Thibodeaux v. Tamashiro,* 540 F. App'x. 418, 419 (5th Cir. 2013); *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010).  Kirkpatrick has failed to identify a statute that waives the DOJ's sovereign immunity in this case.  General jurisdictional statutes such as 28 U.S.C. § 1331 do not waive the Government's sovereign immunity. *Smith v. Booth*, 823 F.2d 94, 97 (5th Cir. 1987).  Nor does the declaratory

judgment statute, 28 U.S.C. § 2201, confer jurisdiction on a federal court where none otherwise exists. *Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956).[1]  Because Kirkpatrick has failed to identify a statute that shows that the United States has consented to this lawsuit, the DOJ is entitled to sovereign immunity from this lawsuit.

**B.    Individual Defendants**

In addition to the DOJ, Kirkpatrick has brought official capacity claims against Loretta E. Lynch, the Attorney General of the United States, and Richard L. Durbin, the United States Attorney for the Western District of Texas.  As official capacity claims, Kirkpatrick's claims against Lynch and Durbin are really claims against the Untied States, and thus they too are barred by sovereign immunity.  *See Anderson v. Transamerica Specialty Ins. Co.*, 804 F. Supp. 903, 906 (S.D. Tex. 1992) ("[A] suit against the head of a federal agency in his official capacity only is considered a suit against the government itself").  Suits against federal officers are barred by the doctrine of sovereign immunity "if the conduct in question has been undertaken on behalf of the government." 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3655 (3d ed. 2013).  When an action "is against a federal officer, the court at the very least, must analyze the facts of the case and the relief sought by the plaintiff to determine whether the suit is in reality against the individual or against the federal government." *Id.*  As the Fifth Circuit has explained:

---

[1] Kirkpatrick has also invoked 42 U.S.C. § 1983 in this lawsuit.  However, § 1983 does not apply to the United States or to federal officials acting under federal law.  *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973) (§ 1983 "does not reach . . . actions of the Federal Government and its officers are at least facially exempt from its proscriptions."); *Morales-Garza v. Lorenzo-Giguere*, 277 F. App'x 444, 446 (5th Cir.), *cert. denied*, 555 U.S. 971 (2008) (§ 1983 does not apply to federal officers who act under federal law).

> The fact that the United States was not named as a defendant does not determine whether it is actually a party to the suit, for it has long been the law that to make such a determination it is necessary to look to the effect of the judgment that may be rendered. For, as stated in *Dugan v. Rank*, 372 U.S. 609 (1963): "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'"

*Simons v. Vinson,* 394 F.2d 732, 736 (5th Cir.), *cert. denied*, 393 U.S. 968 (1968) (internal citations and quotations omitted). Because Lynch and Durbin's conduct in question was clearly undertaken on behalf of the Government, and the effect of the judgment would clearly be to to restrain the Government from acting, Kirkpatrick's lawsuit against Lynch and Durbin is barred by the doctrine of sovereign immunity. *See Smart*, 368 F. App'x at 593 (dismissing Attorney General and Acting United States Attorney based on sovereign immunity).[2] As Kirkpatrick has failed to identify a statute that shows that the United States has consented to suits of this type, the Individual Defendants have sovereign immunity from this lawsuit.

## IV. RECOMMENDATION

The undersigned therefore **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 9) and **DISMISS** this lawsuit for lack of subject matter jurisdiction.[3]

---

[2] Moreover, the Fifth Circuit "has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). *See also Unimex, Inc. v. U.S. Dep't of Housing & Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979) (sovereign immunity bars claims against federal government under 42 U.S.C. §§ 1981, 1982 and 1986).

[3] Because the Court finds that this case should be dismissed for lack of subject matter jurisdiction based on sovereign immunity, the Court need not reach Defendants' alternative argument based on res judicata.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of September, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE